Anthony Salvatore, Esq. Counsel, Setauket Fire District
I am writing in response to your request for an opinion as to whether a person acting as a fire district manager may also hold the positions of fire district secretary and counsel to the fire district.
According to the materials enclosed with your request and telephone conversations with your office, the fire district is contemplating creating the position of fire district manager. The fire district manager will be responsible for the day-to-day operation of the fire district and will exercise many of the duties normally performed by the fire commissioners.* In order to consolidate the responsibilities of operating the fire district, the commissioners also seek to have the district manager assume the positions of fire district secretary and counsel to the fire district.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibililty of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The position of fire district secretary is a statutory creation. Town Law, § 178 reads as follows:
 "The fire district secretary shall have the custody of all the records, books and papers of the fire district. He shall attend all meetings of the board of fire commissioners, act as clerk thereof, and keep a complete and accurate record of the proceedings of each meeting and of all propositions, rules and regulations adopted pursuant to this article. The fire district secretary shall have such additional powers and perform such additional duties as the board of fire commissioners may determine, not inconsistent with law."
Section 174(4) of the Town Law provides that "[t]he fire district treasurer or any commissioner of the fire district * * * may also act as fire district secretary". There is no provision in the Town Law which makes reference to one person holding the positions of fire district manager and fire district secretary. The district manager, however, only acts under the direction of the commissioners. If the positions of secretary and commissioner are compatible, it follows that the same can be said of the secretary and manager, since the manager only exercises the delegated powers of the commissioners. We note that the fire district secretary holds office for a period of one year. A fire district manager, on the other hand, may serve at the pleasure of the commissioners, or under an employment contract, which would not necessarily coincide with the tenure as fire district secretary.
With regard to one person holding the positions of fire district manager and fire district counsel, the Town Law contains the following provision:
 "[The fire district] [m]ay employ an attorney to counsel and assist in the discharge of its official duties and give it such professional services as it may require in conducting or defeating any action or legal proceeding" (Town Law, § 176[17]).
The Town Law does not contain any more specific description of the duties of counsel. As section 176 indicates, the appointment of a fire district counsel is optional, and the duties and responsibilities given to such counsel may vary widely from fire district to fire district. Accordingly, it is difficult to determine whether the positions are incompatible. This determination is better made at the local level, by those who are more familiar with the particular duties of the respective offices. We do note, however, that typically, the counsel to a fire district is responsible for rendering legal advice to the board of fire commissioners concerning their official duties. If one person acted as district manager and counsel, he may be in the position of giving advice as to the propriety of actions proposed or taken in his capacity as fire district manager. Such an arrangement may not be in the best interest of the fire district.
We conclude that the positions of fire district manager and fire district secretary are compatible. Compatibility of fire district manager and counsel to the fire district is dependent on the duties of each office, which are set independently by each fire district.
* The authority for the creation of the position is found in Town Law, § 176(18-a), which provides, in relevant part, that the fire commissioners "[m]ay employ such persons as may be necessary to effectuate the objects and purposes of the district". Furthermore, subdivision 21 of section 176 provides that the commissioners "[s]hall have and exercise all the powers conferred upon the fire district and such additional powers as shall be necessarily implied therefrom".